UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**MAR 2 0 2014**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

David Lewis Turner, Jr., )
)
    Plaintiff, )
)
       v. )    Civil Action No. *14- 448*
)
U.S. Parole Commission, )
)
    Defendant. )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a District of Columbia resident, sues the United States Parole Commission for false arrest, wrongful imprisonment, and negligence. He seeks $80,000 in monetary damages. A claim for monetary damages against the United States (or a U.S. agency or agency component) is cognizable for certain misconduct under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* Such a claim is maintainable, however, only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Since plaintiff has

not indicated that he exhausted her administrative remedies under the FTCA, this case will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). A separate Order accompanies this Memorandum Opinion.

_Eileen J Huck_
United States District Judge

Date:  February 24, 2014